**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIS PROVITT, | ) | CASE NO. 1:06CV 2187 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Willis Provitt's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #1.)

**I.**

On October 5, 2005, pursuant to a written plea agreement, Petitioner entered a plea of guilty to five counts for distribution of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B). On the same date, this Court sentenced Petitioner to two hundred and fifty months of incarceration for each count, served concurrently, to be followed by eight years of supervised release for counts 1 through 4, and ten years of supervised release for count five.

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude"

that had a "substantial and injurious effect or influence" on the plea.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted).  If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion.  *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

Petitioner raises two basic claims in his Motion, alleging that the Court improperly accepted his guilty plea in violation of Rule 11(ground five), and alleging ineffective assistance of counsel (grounds one through four). Specifically, Petitioner claims that the record demonstrates that his plea was not knowingly or voluntarily entered into, and that his attorney (1) failed to adequately investigate the case; (2) failed to determine whether the substance at issue was "crack or non-crack" cocaine for purposes of sentencing; (3) failed to object to Petitioner's career criminal designation; and (4) failed to file a notice of appeal on Petitioner's behalf.

The Petetitioner's claim that the Court improperly accepted his guilty plea in violation of Rule 11 is without support.  The Petitioner's plea of guilty was accepted only after the Court engaged in a lengthy discussion with the Petitioner in which the Court specifically questioned the Petitioner about his understanding of the nature of the proceedings,  informed the Petitioner of the specific consequences of entering a guilty plea, and verbally confirmed with the petitioner

that the plea, as read, reflected his understanding of the agreement.  Following this colloquy, the Petitioner reaffirmed his decision to plead guilty on the record in open court.   The Petitioner confirmed that he had a twelfth grade education, that he was on no drugs or medication that would affect his ability to understand the proceedings, that he had discussed his case with his attorney, that no one promised, forced or threatened him in any way to get him to plead guilty, and that his plea was entered into knowingly, voluntarily, and of his own free will.   Taking into account each of these factors, in addition to the information contained in the Pre-Sentence Report, the Plea Agreement and other court files, the Court properly accepted the Petitioner's guilty plea.  There is no factual or legal basis in the record of this case that would lead this Court to question whether the Petitioner's plea was knowing and voluntary.  Petitioner's fifth ground for relief is, therefore, denied.

The Petitioner's claims for ineffective assistance of counsel are likewise, unsubstantiated. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment."  *Id.* Judicial scrutiny of counsel's performance must be "highly deferential."  *Id.* at 689.

The recitation of facts set forth in the Government's Response to the Petitioner's Motion for Relief accurately reflects the evidence presented in support of Mr. Provitt's guilty plea and the events as they unfolded at Mr. Provitt's change of plea and sentencing.  They are, therefore, adopted by this Court as if rewritten, herein.

The Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel under grounds one or two, and he mis-states what evidence of his criminal activity his counsel had been provided.  Even if one of the government's witnesses may have harbored bad feelings against the Petitioner as he alleges, this does not refute the evidence of guilt his attorney was privy to.   Petitioner has offered nothing more than speculation and conjecture in support of his claim of ineffective assistance of counsel, and the law is clear that such a basis is "patently insufficient" to support a petition for *habeus corpus*. *See, e.g.*, *Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003); *United States v. Allison*, 59 f.3d 43, 47 (6th Cir. 1995).

The government had provided Mr. Provitt's attorney with laboratory results confirming the nature of the substance at issue, audio and video tapes of the Petitioner's five sales to undercover agents, copies of pre-recorded buy money and the identification procedures used in the investigation against the Petitioner.  The laboratory results confirmed that the substance Mr. Provitt sold to the undercover agents was cocaine base.  Mr. Provitt does not dispute this evidence.  Rather he contends that cocaine base does not necessarily equate to crack cocaine.  The statute under which he was convicted charges him with the distribution of cocaine base.  Therefore, whatever colloquialism ("crack") may have been used to describe that substance in Court, there can be no real dispute that his plea of guilty for distribution of cocaine base, was supported by the laboratory evidence produced in this case.

The Petitioner also claims that his counsel was ineffective because he failed to argue that two convictions from two separate courts on two different dates were part of the same transaction, and that, therefore, he should not be considered a career offender.  The law does not

4

support this argument.  Under the sentencing guidelines, offenses occurring on different dates, in different locations, and for which the defendant receives convictions in two different jurisdictions are separate crimes.  United States Sentencing Guidelines Section 4A1.1.  Therefore, there was no error in the Courts determination that Petitioner is a career offender, and his counsel cannot be ineffective for failing to argue against the current state of the law.

     Finally, Petitioner argues that his counsel was ineffective for failing to file a notice of appeal on his behalf.  However, the petitioner had no right to appeal his conviction, as he knowingly and voluntarily waived the right to appeal in his plea agreement.  Further, counsel's affidavit provides evidence that neither the Petitioner nor anyone from his family ever contacted counsel's about filing an appeal.  Even if counsel had been ineffective, Petitioner cannot show any prejudice arising from counsel's failure, as the petitioner has not yet attempted to file a direct appeal.

     It is clear after reviewing the briefs in this case, the affidavit of Mr. Provitt's trial counsel, and the transcripts of the change of plea, and sentencing, that Mr. Provitt was skillfully represented and his claims for ineffective assistance of trial counsel are unfounded.  Further the evidence against Mr. Provitt, as recited at the change of plea hearing, was overwhelming and any errors or misjudgments that Mr. Provitt assigns to his attorney, even if true, would likely have had no detrimental effect on the outcome of the trial or in the sentence Mr. Provitt received.   In fact, it appears likely that counsel's advice saved Mr. Provitt from a potential life sentence.

## IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                                                s/Donald C. Nugent  
                                                            DONALD C. NUGENT  
                                                            United States District Judge

DATED:   February 22, 2007